IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff/Respondent,<br><br>vs.<br><br>Ricardo Torres-Espinoza,<br><br>  Defendant/Movant. | CR 99-0734-PHX-RGS<br><br>CV 05-1521-PHX-RGS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROGER G. STRAND, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. #547.

**BACKGROUND**

On March 20, 2001, a jury found Movant guilty of 46 felony offenses including conspiracy, hostage taking, transporting and harboring illegal aliens, and multiple counts of interstate communications and possession or use of a firearm during a crime of violence. Doc. #304. On June 15, 2001, after dismissing eight counts, the Court entered convictions against Movant for 38 offenses and imposed a sentence of imprisonment for life plus 235 years. Doc. #356. Movant filed a direct appeal which was consolidated with those of his co-defendants. The Ninth Circuit Court of Appeals affirmed the convictions and sentence on October 9, 2003. United States v. Torres-Espinoza, et al., 78 Fed.Appx. 563 (9th Cir. 2003).

The Ninth Circuit docket shows that Movant filed a petition for panel reahearing and petition for rehearing en banc on November 3, 2003, which was denied on December 4, 2003. Movant did not file a petition for writ of certiorari to the U.S. Supreme Court.[1] On May 16, 2005, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (hereafter "petition"). Doc. #547. He alleges that his trial attorney provided ineffective assistance of counsel in four ways: (1) by failing to prepare for trial; (2) by failing to subject the prosecution's case to meaningful adverse testing; (3) by failing to file motions to suppress post-arrest statements; and (4) by failing to pursue a defense and abandoning any attempt to prepare for and investigate the case. The government filed a Response in Opposition on June 26, 2006. Doc. #588. On August 31, 2006, Movant filed a Traverse to Government's Response. Doc. #595.

## DISCUSSION

The government contends in its response in opposition that the petition is untimely and must therefore be denied.[2] The government argues that Movant filed his petition more than one year after the judgment of conviction became final. Movant argues in his traverse that he filed a motion to extend the time to file his petition.

A federal prisoner's petition for relief under § 2255 is subject to a one year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. For the purpose of starting the clock on the limitation period, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari

---

[1] Movant contends in his § 2255 petition that he file a petition for writ of certiorari before the United States Supreme Court, but a review of the Supreme Court docket reveals no such petition. The docket reflects an application to extend the time to file a certiorari petition from two of Movant's co-defendants, Andres Espinoza-Torres and Alejandro Torres-Espinoza, but nothing from Movant. The co-defendants' application was denied on March 4, 2004.

[2] Alternatively, the government argues that Movant's grounds for relief must be denied on the merits. Because the court finds that Movant's petition is untimely, the court need not reach the merits of Movant's claims.

1 contesting the appellate court's affirmation of the conviction." Clay v. United States, 537
2 U.S. 522, 525 (2003). A petition for certiorari must be filed within 90 days after the
3 judgment or order to be reviewed. Sup. Ct. R. 13. However, if a timely petition for
4 rehearing is filed in the lower court by any party, the time to file the petition for certiorari
5 runs from the date of the denial of the petition for rehearing. Id. This applies to all parties,
6 whether or not they requested rehearing or joined the petition for rehearing. Id.

7 Here, the Ninth Circuit issued its decision affirming the convictions and sentence on
8 October 9, 2003. The Ninth Circuit docket reflects that Movant filed a timely petition for
9 rehearing on November 3, 2003. The docket further reflects that the petition for rehearing
10 was denied on December 4, 2003. Movant did not file a petition for certiorari after the
11 petition for rehearing was denied. As a result, for statute of limitations purposes, Movant's
12 judgment of conviction became final on March 3, 2004, 90 days after the petition for
13 rehearing was denied. Movant was required to file his § 2255 petition within one year of that
14 date. However, he failed to file his petition until May 4, 2005,[3] two months after the
15 limitations period expired.

16 Movant argues in his traverse that he filed a motion to extend the time to file his
17 petition on December 13, 2004, before the statute of limitations expired. He claims that the
18 court did not rule on the motion until it was too late to file the petition. Movant argues that
19 the court's failure to rule on the motion constitutes an "impediment to making a motion"
20 under 28 U.S.C. § 2255(2) such that the statute of limitations should not have run until after
21 the impediment was removed.

22 Movant's argument is without merit. The court did nothing to impede Movant from
23 filing a timely petition. Rather than filing a timely petition and protecting himself from a

---

[3] Even though the filing date stamped on the petition is May 16, 2005, under the prison mailbox rule a petition is deemed filed on the date the petition is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003). A Declaration of Service by Mail attached to another motion filed with the petition shows that the petition was delivered to prison authorities for mailing on May 4, 2005. Doc. #548 at 6.

- 3 -

1  statute of limitations violation, Movant took a risk by instead filing a motion for more time
2  and apparently assuming that the motion would be granted.  As Judge Strand explained in
3  his order denying Movant's request for more time, the court cannot extend the statute of
4  limitations period before a petition is filed.  Doc. #524.  The statute of limitations is an
5  affirmative defense that may be raised by the respondents after the petition is filed.  Id.  Once
6  the petition is filed and respondents raise a statute of limitations defense, a movant may argue
7  that the statute of limitations period should be extended or tolled.  Id.  The court therefore
8  denied Movant's motion to extend the time to file a petition.  Id.   Here, Movant has not
9  established that governmental action created an impediment to filing a timely petition.  Nor
10 has Movant presented any other valid basis to extend or toll the statute of limitations period.
11 Accordingly, based on Movant's untimely petition, the court will recommend that it be
12 denied.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

**IT IS THEREFORE RECOMMENDED:**

That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #547) be **denied**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 26th day of September, 2006.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge