**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff/Respondent,<br><br>vs.<br><br>Ricardo Torres-Espinoza,<br><br>         Defendant/Movant. | CR 99-734-PHX-RGS<br>CV 05-1521-PHX-RGS<br><br>**ORDER** |

Movant Ricardo Torres-Espinoza, presently confined at the United States Penitentiary in Florence, Colorado, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on or about May 4, 2005. [Doc. # 547] The Government filed a Response on June 26, 2006 [Doc. # 588], and Movant filed a Traverse on August 31, 2006 [Doc. # 595]. On September 26, 2006, Magistrate Judge Edward C. Voss issued a Report and Recommendation recommending that the motion be denied. [Doc. # 596] Movant filed an Objection to the Report and Recommendation on October 10, 2006. [Doc. # 598] The Court has reviewed the entire record, including Movant's objections. For the reasons set forth below, the Court will deny Movant's § 2255 motion.

**I.     BACKGROUND**

On June 15, 2001, the Court entered judgment and sentenced Movant to life imprisonment, plus 235 years and terms of supervised release following jury convictions for

thirty-eight felony offenses, including conspiracy, hostage-taking, transporting and harboring illegal aliens, interstate communications, and possession or use of a firearm during a crime of violence. [Doc. # 356] Movant filed a direct appeal which was consolidated with those of his co-defendants. On October 9, 2003, the Ninth Circuit Court of Appeals affirmed Movant's convictions and sentences. *United States v. Torres-Espinoza, et al.*, 78 Fed. Appx. 563 (9th Cir. 2003).

Thereafter, Movant filed a petition for panel rehearing and petition for rehearing en banc on November 3, 2003, which was denied by the Ninth Circuit on December 4, 2003. Movant did not file a petition for writ of certiorari to the United States Supreme Court.[1] On or about May 4, 2005, Movant filed the instant motion. In his motion, Movant sets forth four ineffective assistance of counsel claims.

## II.     DISCUSSION

### A.     Untimeliness of Movant's § 2255 Petition

The government contends that the petition is untimely and must therefore be denied. The government argues that Movant filed his petition more than one year after the judgment of conviction became final. Movant argues in his Traverse that he filed a motion to extend the time to file his petition.

A federal prisoner's petition for relief under § 2255 is subject to a one-year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for certiorari must be filed within ninety days after the judgment or order to be reviewed. Sup. Ct. R. 13. However, if a timely petition for rehearing is filed in the lower court by any party, the time

---

[1] Movant contends in his § 2255 petition that he filed for writ of certiorari but a review of the Supreme Court docket reveals no such petition. The docket reflects an application to extend the time to file a certiorari petition from two of Movant's co-defendants, Andres Espinoza-Torres and Alejandro Torres-Espinoza. Said application was denied on March 4, 2004.

- 2 -

to file the petition for certiorari runs from the date of the denial of the petition for rehearing. *Id*. This applies to all parties, whether or not they requested rehearing or joined the petition for rehearing. *Id*.

In the present case, the Ninth Circuit issued its decision affirming the convictions and sentences on October 9, 2003. Movant filed a timely petition for rehearing on November 3, 2003, which was denied by the Ninth Circuit on December 4, 2003. Movant did not file a petition for writ of certiorari. Accordingly, for statute of limitations purposes, Movant's judgment of conviction became final on March 3, 2004, ninety days after the petition for rehearing was denied. Movant was required to file his § 2255 petition within one year of that date. However, he failed to file his petition until on or about May 4, 2005, two months after the limitations period expired.

In his Traverse, Movant argues that he filed a motion to extend time to file his petition on December 13, 2004, before the statute of limitations expired. He claims that the Court did not rule on the motion until it was too late to file the petition. Movant argues that the Court's failure to rule on the motion before the statute of limitations expired constitutes an "impediment to making a motion" under 28 U.S.C. § 2255(2) and that the statute of limitations should not have run until after the alleged impediment was removed.

As discussed by the Magistrate Judge in the Report and Recommendation, the Court did nothing to impede Movant from filing a timely petition; rather than filing a timely petition to avoid a statute of limitations violation, Movant took a risk by filing a motion to extend time, apparently assuming it would be granted. As the Court explained in its order denying Movant's motion, the Court cannot extend the statute of limitations period before a petition is filed. Once the petition is filed and respondents raise a statute of limitations defense, a movant may argue that the limitations period should be extended or tolled. [Doc. # 524] The Court agrees with the Magistrate Judge's conclusion that Movant has not established that governmental action created an impediment to filing a timely petition, nor has Movant presented any other valid basis to extend or toll the statute of limitation period and therefore Movant's petition is untimely.

The Court has considered the objections raised by Movant in response to the Report and Recommendation. Movant sets forth the same arguments that he advanced in his Traverse. The Court finds Movant's arguments unpersuasive.

### B. Ineffective Assistance of Counsel Claims

Notwithstanding the Court's determination above that Movant's petition is untimely, after reviewing the record, the Court further determines that Movant's ineffective assistance of counsel claims are without merit. To prevail on his claims of ineffective assistance of counsel, Movant must establish that (1) considering all of the circumstances, his counsel's representation fell below an objective standard of reasonableness, and (2) that Movant was prejudiced by such representation. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). If a movant fails to meet either part of the test, the claim of ineffective assistance of counsel must be denied. *Id*. at 700. A movant establishes prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

To satisfy the first prong of the *Strickland* test, Movant must identify the specific acts or omissions of counsel that he alleges do not meet the reasonable professional judgment standard. *Id*. at 688-90. The Court must then determine whether the acts or omissions alleged fall outside a wide range of professionally competent decisions given the surrounding circumstances. *Id*. Movant must overcome the strong presumption that his counsel's conduct fell within this wide range of reasonable assistance and that counsel made all significant decisions exercising reasonable professional judgment. *Id*. at 689-90. The Court determines the reasonableness of counsel's perspective at the time of the alleged error based on all the attendant circumstances. *Id*. at 689.

Movant contends that trial counsel was ineffective by failing to (1) prepare for trial; (2) subject the prosecution's case to meaningful adverse testing; (3) file motions to suppress post-arrest statements; and (4) provide any meaningful defense. In its Response, the government argues that Movant's allegations are unsupported and contradicted by the record.

### a. Movant's Claim that Trial Counsel was Ineffective by Failing to Prepare for Trial

Movant claims that trial counsel failed to make any reasonable investigation into the case. Movant alleges that counsel made "no attempt to locate or interview witnesses," and failed "to investigate the government's case." Movant requests an evidentiary hearing to determine whether he was prejudiced by this alleged lack of trial preparation. A review of the record contradicts Movant's assertion that counsel failed to prepare for trial. Prior to trial, counsel participated in video depositions of at least six government witnesses. [Doc. # 28] The record demonstrates that counsel was able to cross-examine and impeach witnesses with the deposition transcripts. [Trial transcript ("Tr.") 1/31/01 at 54-62; 1/26/01 at 16] Counsel's familiarity with the investigative reports, taped interviews, and a victim's diary was evidenced by counsel's use of this evidence to cross-examine witnesses regarding inconsistent statements made with respect to these evidentiary items. [Tr. 1/26/01 at 28; Tr. 2/1/01 at 99-103, 104, 107-113; Tr. 2/13/01 at 69-70] These examples contradict Movant's claim that counsel was unprepared for trial. Because the record conclusively shows that Movant is not entitled to relief on this claim, Movant's request for an evidentiary hearing will be denied by the Court.

### b. Movant's Claim that Trial Counsel was Ineffective by Failing to Subject the Prosecution's Case to Meaningful Adverse Testing

The record refutes Movant's contention that counsel failed to subject the prosecution's case to meaningful adverse testing. For example, an examination of the record reveals that counsel cross-examined a witness regarding the fact that she misidentified Movant and confused him with his brother, who was a co-defendant [Tr. 1/31/01 at 54-58]; counsel cross-examined a witness to have her testify that Movant was not the driver of the vehicle in question [Tr. 1/31/01 at 58-62]; counsel cross-examined a witness to testify that her previous deposition testimony regarding an identification that involved Movant, was a "big mistake" [Tr. 1/31/01 at 62]; counsel cross-examined witnesses regarding the fact that they never saw Movant with a gun [Tr. 1/25/01 at 22; Tr. 1/31/01 at 61-62; Tr. 2/1/01 at 97; Tr. 2/13/01 at 60]; and counsel elicited testimony from victims indicating that defendant never

- 5 -

talked to them and/or threatened them. [Tr. 1/31/01 at 53; 3/7/01 at 91-93]. Accordingly, contrary to Movant's assertion, the record shows that counsel meaningfully challenged the prosecution's case.

### c. Movant's Claim that Counsel was Ineffective by Failing to File Motions to Suppress Post-Arrest Statements

Movant asserts that counsel failed to "file motions to suppress post-arrest statements." To the contrary, the record reveals that on October 18, 1999, counsel filed a Motion to Suppress Evidence and Statements, which included an allegation that Movant was unlawfully arrested and thus the fruit of such an unlawful arrest, including post-arrest statements, must be suppressed. [Doc. # 56] Counsel filed supplemental memorandum on this issue on May 2, 2000 [Doc. 81] and yet again on May 12, 2000, by way of a reply [Doc. # 86]. The Motion to Suppress was withdrawn when a plea was impending in this matter; however, when the plea agreement fell through, counsel orally moved to renew the previously-withdrawn motion to suppress. [Tr. 7/27/00] Accordingly, the record demonstrates that Movant's claim that counsel failed to file motions to suppress his post-arrest statements has no basis in fact.

### d. Movant's Claim that Counsel Failed to Provide Any Meaningful Defense

Contrary to Movant's assertion, the record reveals that counsel provided a meaningful defense. In addition to counsel's actions discussed above, counsel presented numerous motions, both oral and written, including the following:

1.) Memorandum on Detention of Material Witnesses [Doc. # 44]

2.) Motion to Sever Counts and Defendants [Doc. # 64]

3.) Motion to Sever Defendant [Doc. # 144]

4.) Motion to Preclude Irene Soto's Statements (granted by the Court) [Docs. # 145, 160]

5.) Motion to Dismiss for Vindictive Prosecution and oral argument [Docs. 146, 155]

6.) Response to government's Motion re: Substantive Evidence of Conspiracy [Doc. # 192]

    7.) Motion in Limine to preclude government from introducing evidence of shotgun [Doc. # 216]

    8.) Motions for Mistrial [Doc. # 236, Tr. 1/24/01at 100; Doc. # 239, Tr. 1/26/01 at 91; Docs. # 271, 272, Tr. 2/9/01 at 56; Doc. # 273, Tr. 2/13/01 at 5; Doc. # 275, Tr. 2/15/01 at 92; Doc. # 449, Tr. 3/13/01 at 89; Doc. # 404, Tr. 3/14/01 at 87; Doc. # 407, Tr. 6/15/01 at 6]

    9.) Motion to Strike Testimony [Doc. # 255]

    10.) Motions re Video Deposition Transcripts and Limiting Instructions [Doc. # 445, Tr. 2/23/01]

In addition to motion practice, Movant's counsel and counsel for the co-defendants vigorously cross-examined illegal alien victim witnesses [Docs. # 235, 237, Tr. 1/25/01; Doc. # 267, Tr. 2/1/01; Doc. # 273, Tr. 2/13/01], as well as other witnesses [e.g., Doc. # 239, Tr. 1/26/01; Doc. # 234, Tr. 1/12/01; Doc. # 444, Tr. 2/22/01; Doc. # 437, Tr. 1/10/01; Doc. # 440, Tr. 1/23/01].

Counsel presented a vigorous closing argument, arguing the poor credibility of the victims based upon their bias and inconsistent statements as well as Movant's limited role in the offense. [Doc. # 325, 326, Tr. 3/15/01 at 1-16, Tr. 3/16/01 at 1-38] Furthermore, at sentencing, when asked by the Court if he was satisfied in all respects with the service his attorney had given him, Movant responded, "Yes." Accordingly, the record demonstrates that counsel indeed provided Movant a meaningful defense.

Based on the foregoing, the Court concludes that counsel's performance was not unreasonable under prevailing professional standards. *Strickland*, 466 U.S. at 687-88. The Court further concludes that there is no reasonable probability that but for counsel's alleged errors, the result would have been different. *Id.* at 687. The record demonstrates that ample evidence was presented at trial that Movant was involved in the charged crimes. In fact, in rejecting Movant's argument on appeal that the trial court erred by failing to grant his motion for acquittal, the Ninth Circuit concluded that "overwhelming circumstantial and direct evidence, including [Movant's] own post-arrest admissions, demonstrated [Movant's] knowledge of and participation in the hostage-taking conspiracy. The evidence also established [Movant's] direct liability for knowingly transporting, while armed, illegal aliens

1 and intending to further their illegal presence in the United States." *United States v. Torres-Espinoza, et al.*, 78 Fed. Appx. at 567 (citation omitted). Because Movant has failed to establish that counsel's representation fell below an objective standard of reasonableness, and that Movant was prejudiced by such representation, *Strickland v. Washington*, 466 U.S. at 687-88, the Court will deny Movant's § 2255 motion on the merits.

### III.  CONCLUSION

Movant, in his Objections to Magistrate's Report and Recommendation, requests that the Court "review the entire record, including the objections contained herein." As explained above, the Court has reviewed the entire record, including Movant's objections. Accordingly,

**IT IS ORDERED** granting Movant's Request (Motion) for De Nova (sic) Review. [Doc. # 599]

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge. [Doc. # 596]

**IT IS FURTHER ORDERED** denying Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Doc. # 547]

**IT IS FURTHER ORDERED** denying Movant's request for an evidentiary hearing

/ / /

/ / /

/ / /

/ / /

1 on his claim that counsel was ineffective by failing to prepare for trial.

2 **IT IS FURTHER ORDERED** granting Movant's Motion to Check Status of the
3 Case. [Doc. # 600]

4 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in
5 accordance with this order.

6 DATED this 24th day of September, 2007.

_____
Roger G. Strand
Senior United States District Judge